O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DEBBIE SARRAN, | ) | NO. CV 07-1790-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that the decision of the Commissioner of the Social Security Administration is reversed and the matter is remanded for immediate payment of benefits.

**PROCEEDINGS**

Plaintiff filed a complaint on March 20, 2007, seeking review of the Commissioner's denial of benefits.  The parties filed a consent to proceed before a United States Magistrate Judge on April 11, 2007.

1     Plaintiff filed a "Motion for Summary Judgment on August 10,
2 2007.  Defendant filed a "Cross-Motion for Summary Judgment and in
3 Opposition to Plaintiff's Motion for Summary Judgment" on
4 September 4, 2007.  The Court has taken both motions under submission
5 without oral argument.  See L.R. 7-15; "Order," filed March 26, 2007.

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used proper legal standards.  See Swanson v. Secretary, 763 F.2d 1061, 1064 (9th Cir. 1985).

**DISCUSSION**

Plaintiff, a former nurse's assistant, asserts disability based on a combination of alleged physical and psychiatric impairments (Administrative Record ("A.R.") 13-377).  In a decision dated July 17, 2002, an Administrative Law Judge ("ALJ") found Plaintiff has severe impairments, but retains the residual functional capacity for a narrowed range of light work involving simple and repetitive tasks, but with limited reaching and handling abilities and with moderate restrictions in dealing with people (A.R. 13-21). In reliance upon vocational expert testimony that a person having Plaintiff's residual functional capacity could perform work as a counter clerk, the ALJ found Plaintiff not disabled (A.R. 19-21). ///

In <u>Sarran v. Barnhart</u>, CV 02-8818, this Court reversed the ALJ's 2002 decision and remanded the case for further administrative action. <u>See</u> "Memorandum of Decision and Order in a Social Security Case," entered May 11, 2004. The Memorandum of Decision and Order stated, in pertinent part:

> [T]he plaintiff complains that the vocational expert's description of the counter clerk position departed improperly from the description set forth in the Dictionary of Occupational Titles (4th ed. 1991) ("DOT").
>
> Generally, an ALJ may rely on the DOT to determine whether the plaintiff is capable of performing other work at step five of the sequential process. <u>Light v. Social Security Administration</u>, 119 F.3d 789, 793 (9th Cir. 1997). However, 'an ALJ may rely on expert testimony which contradicts the DOT, [] only insofar as the record contains persuasive evidence to support the deviation.' <u>Johnson v. Shalala</u>, 60 F.3d 1428, 1435 (9th Cir. 1995). . . .
>
> The vocational expert did not attempt to reconcile the apparent conflict between his interpretation of the counter clerk job and the DOT's requirements. Because the record does not reflect an adequate basis for the vocational expert's deviation from the DOT, the ALJ erred by relying upon the vocational expert's testimony

3

1 that the plaintiff was capable of performing work as a
2 counter clerk.  (Memorandum of Decision and Order,
3 etc., in Sarran v. Barnhart, CV 02-8818, at 6-7)

In a post-remand decision dated June 30, 2005, the ALJ again found that Plaintiff's severe impairments left Plaintiff with a residual functional capacity for a narrowed range of light work (A.R. 266-76).  The ALJ found, inter alia: (a) Plaintiff could perform only "occasional reaching and handling with the left upper extremity" (A.R. 272); and (b) Plaintiff had "mildly-moderate difficulty carrying out detailed instructions" but could "understand, carryout [sic] and remember simple and repetitive tasks."  Id.  The ALJ again relied on the testimony of a vocational expert to conclude there exist jobs Plaintiff can perform (A.R. 275-76).  The vocational expert testified Plaintiff could perform the jobs of table worker and surveillance systems monitor (A.R. 371-72).  Again, the ALJ failed to inquire of the vocational expert whether the expert's testimony deviated from the D.O.T. (A.R. 372-77).  Again, neither the ALJ nor the vocational expert attempted to explain any deviation from the D.O.T.  Id.

The vocational expert's testimony that Plaintiff can perform the job of table worker deviates from the D.O.T. and, as Defendant now concedes, is inaccurate.  See D.O.T. 739.687-182 (table worker job requires frequent reaching and handling); Defendant's Cross-Motion at 3-4 ("The Commissioner concedes that the table worker position, which requires frequent reaching and handling, is beyond Plaintiff's residual functional capacity because Plaintiff was

4

1 limited to occasional reaching and handling with her left upper
2 extremity").

4     The vocational expert's testimony regarding the surveillance
5 systems monitor job similarly deviates from the D.O.T.  According to
6 the D.O.T., the job of surveillance systems monitor requires
7 Reasoning Level 3.  See D.O.T. 379.367-010.  Level 3 comprehends
8 greater reasoning capacity than comprehended by Level 2.  See D.O.T.
9 Appendix C; Titus v. Calahan, 133 F.3d 561, 563 (8th Cir. 1997).
10 Level 2 requires an ability to understand and carry out "detailed"
11 instructions.  See D.O.T. Appendix C; Lucy v. Chater, 113 F.3d 905,
12 909 (8th Cir. 1997).  The ALJ found Plaintiff is limited to "simple
13 and repetitive tasks," and has "mildly-moderate difficulty carrying
14 out detailed instructions" (A.R. 272).  These restrictions place
15 Plaintiff below Reasoning Level 3.  Accordingly, the ALJ's failure to
16 inquire regarding the vocational expert's deviation from the D.O.T.,
17 and the vocational expert's failure to explain the deviation,
18 committed essentially the same error of law as that for which the
19 Court remanded this matter in 2004.  See Light v. Social Security
20 Administration, 119 F.3d 789, 794 (9th Cir. 1997) (error that
21 "[n]either the ALJ nor the vocational expert explained the reason for
22 departing from the DOT"); Johnson v. Shalala, 60 F.3d 1428, 1435 (9th
23 Cir. 1995) ("an ALJ may rely on expert testimony which contradicts
24 the DOT, but only insofar as the record contains persuasive evidence
25 to support the deviation"); Social Security Ruling 00-4p (ALJ "has an
26 affirmative responsibility to ask about any possible conflict between
27 . . . [vocational expert opinion] . . . and information provided in
28 the DOT."); see also Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th

Cir. 2005) (restriction to simple and routine work tasks "seems inconsistent with the demands of level-three reasoning" and therefore inconsistent with the job of "surveillance-system monitor").

When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." INS v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted); accord Moisa v. Barnhart, 367 F.3d 882, 886-88 (9th Cir. 2004). The instant case presents a "rare circumstance." This Court previously reversed and remanded based on the Administration's failure to explain an apparent deviation from the D.O.T. The Court now reverses a second time based on the Administration's failure to explain two more deviations from the D.O.T., one of which the Administration now concedes is inexplicable. The Court cited the appropriate authorities regarding this issue in its previous remand order. The Administration failed to apply these authorities while repeating in its post-remand decision essentially the same error of law that necessitated the prior remand. The Court should not be required to provide the Administration with a third opportunity to apply correctly the operative legal authorities. See Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication. . . . Remanding a disability claim for further proceedings can delay much needed income for claimants who are unable to work and are entitled to benefits, often subjecting them to tremendous financial difficulties while awaiting the outcome of their appeals and

proceedings on remand") (citations and quotations omitted); see also Brown v. Bowen, 682 F. Supp. 858, 862 (W.D. Va. 1988) (rejecting argument that the court should give the Administration a third opportunity correctly to resolve a particular issue in the disability analysis); Thornton v. Heckler, 609 F. Supp. 1185, 1190 n.9 (E.D.N.Y. 1985) ("a remand would only cause delay and give the Secretary a 'last chance' to meet the burden of proof which she has twice failed to meet").

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 17, 2007.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE